UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CV-00680-FDW-DCK

| | |
|---|---|
| EYETALK 365, LLC, ) ) Plaintiff, ) ) vs. ) ) BIRD HOME AUTOMATION, LLC, ) ) Defendant. ) ) ) | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 12) Plaintiff's Patent Infringement Complaint (Doc. No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant requests this Court dismiss Plaintiff's Complaint because the claims of the patent-in-suit are invalid for claiming non-patentable subject matter. After careful review, the Court DENIES Defendant's Motion *without prejudice*.

Implicit in 35 U.S.C. § 101 of the Patent Act lies the well-settled exception that "'laws of nature, natural phenomena, and abstract ideas' are not patentable." Mayo Collaborative Servs. v. Prometheus Labs., Inc., 132 S. Ct. 1289, 1293 (2012) (quoting Diamond v. Diehr, 450 U.S. 175, 185 (1981)). We must "tread carefully" in applying the exception, "lest is swallow all of patent law," Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 134 S. Ct. 2346, 2354 (2014), because "all inventions at some level embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." Mayo, 132 S. Ct. at 1293-94.

Whether a claimed patent-in-suit falls within this exception "rests upon an examination of the particular claims" using a two-step analysis. Mayo, 132 S. Ct. at 1294. First, the court must determine whether the claims at issue are 'directed to' an abstract idea, a law of nature, or a natural

phenomenon. Alice, 134 S. Ct. at 2355 (citing Mayo, 132 S. Ct. at 1296-97). If not, the analysis ends because the patent-in-suit satisfies § 101. Id. If so, then the court must apply step two. Id. To overcome the second step, the claim or claims must contain an inventive concept sufficient to 'transform the nature of the claim' into patent-eligible subject matter. Id. In other words, the patent-in-suit must do more than describe a natural law or abstract idea and instruct the reader to "apply it." Mayo, 132 S. Ct. at 1297. It must be "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." Alice, 134 S. Ct. at 2355 (quoting Mayo, 132 S. Ct. at 1294); see also Parker v. Flook, 437 U.S. 584 (1978).

When applying the test, courts engage in a fact-intensive inquiry often finding patent eligibility in "new and useful concepts" that "improved on an existing process," or "those that were not well-known or obtainable in the specific industry," E.g., Diehr, 450 U.S. at 177-78 (holding claim patent eligible because it employed a "well-known" equation designed to solve a "conventional industry practice"); McRO, Inc. v. Bandai Namco Games Am., Inc., 837 F.3d 1299, 1316 (Fed. Cir. 2016) (reversing ineligibility where claimed process was "specifically designed to achieve an improved result in conventional industry practice"); while finding ineligibility where a claim or claims is well-understood, conventional, or the process has been previously engaged in by members in the same field. E.g., Mayo, 1232 S. Ct. at 1298 (holding ineligibility where claims "were already well-known in the art"); Bilski v. Kappos, 561 U.S. 593, 609 (2010) (holding ineligibility where patent claimed a "fundamental economic practice long prevalent in our system of commerce"); Gottschalk v. Benson, 409 U.S. 63, 67 (1972) (holding ineligibility where claim did not supply a "new and useful" application).

Even though the analysis is fact-intensive, a patent-eligibility challenge under § 101 can be made prior to a formal claim construction. See Bilski, 561 U.S. at 593 (determining patent

eligibility prior to claim construction). Indeed, courts have determined patent eligibility prior to claim construction and even prior to discovery. E.g., Bilski, 561 U.S. at 593; Content Extraction and Transmission, L.L.C. v. Wells Fargo Bank, Nat. Ass'n, 776 F.3d 1343 (Fed. Cir. 2014); Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012).

In the instant case, however, a patent-eligibility determination is premature. A complaint, answer, the patent-in-suit, and the parties' memorandum in support of and against Defendant's Motion are insufficient to give the Court a "full understanding of the basic character of the claimed subject matter." Bancorp, 687 F.3d at 1273-74 ("We note, however, that it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis . . . ."). Even further, the parties vigorously dispute the characterization of the claimed patent-in-suit. (Docs. Nos. 13, 23). In the absence of stipulated constructions, this Court cannot fairly apply § 101. See Invue Sec. Prods., Inc. v. Mobile Tech, Inc., No. 3:15-CV-00610, 2016 WL 1465263, at *3 (W.D.N.C. April 14, 2016).

Therefore, the Court DENIES Defendant's Motion to Dismiss (Doc. No. 12) *without prejudice*. Defendant is free to reassert its patent-ineligibility argument upon completion of claim construction.

SO ORDERED.

Signed: January 30, 2017

_____
Frank D. Whitney
Chief United States District Judge